IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re:<br>SPECIALTY PRODUCTS HOLDING CORP.,<br>et al., | ) ) ) ) | Bank. No. 10-11780-PJW |
| Debtors. | ) | |
| | | |
| SPECIALTY PRODUCTS HOLDING CORP.,<br>et al., | ) ) ) | |
| Appellants, | ) ) | |
| v. | ) ) | Civ. No. 13-1244-SLR<br>Civ. No. 13-1245-SLR |
| OFFICIAL COMMITTEE OF ASBESTOS<br>PERSONAL INJURY CLAIMANTS and the<br>FUTURE CLAIMANTS' REPRESENTATIVE, | ) ) ) ) | |
| Appellees. | ) | |

**MEMORANDUM**

At Wilmington this 7th day of February, 2014, having reviewed the materials

submitted in connection with appellants' motion for certification,[1] and having conferred

with counsel; I will grant the motion based on the following reasoning:[2]

1. **Background.** A primary goal of the debtors' chapter 11 cases is to establish

---

[1]D.I. 7 in lead case, Civ. No. 13-1244; D.I. 7 and 9 in member case, Civ. No. 13-1245. Hereafter, all references to the docket will be to the docket in lead case, Civ. No. 13-1244, unless otherwise noted.

[2]There is also pending a motion to dismiss the appeal filed by appellees in Misc. No. 13-194-SLR. (D.I. 1) The court will consider such motion once the United States Court of Appeals for the Third Circuit has made its certification determination.

and future asbestos claims.  The amount appropriate to fund that trust is a function of the extent of claims to be compensated, and that amount is determined through an estimation pursuant to 11 U.S.C. § 502(c), which requires that a court in certain circumstances "estimate[ ] for purposes of allowance . . . any contingent or unliquidated claim" - a claim being defined in 11 U.S.C. § 101(5)(A) as a "right to payment."  In this regard, and as described by appellants, rather than embrace appellants' methodology (based on measuring a debtor's legal liability), the bankruptcy court at bar "measured the debtors' likely asbestos settlement payments had they remained in state courts," coming to the conclusion that appellees' claims have a present value of $1.1 billion. (D.I. 7 at 2)

2. **Standard.**  Section 158(d)(2)(A) of title 28 of the United States Code authorizes expedited access to the United States Courts of Appeal by allowing parties to seek certification of appeals from the bankruptcy court.  An appeal from an order may be certified for direct appeal to the Court of Appeals when a district court determines that any of the following circumstances exist:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(d).

2

3. Although there is controlling authority in the Third Circuit as to the estimation process under 11 U.S.C. § 502(c), its guidance leaves much discretion to the bankruptcy courts in their estimation decisions. For instance, in *Bittner v. Borne Chemical Co.. Inc.*, 691 F.2d 134 (3d Cir. 1982), the Court recognized that the bankruptcy code and rules were

> silent as to the manner in which contingent or unliquidated claims are to be estimated. Despite the lack of express direction on the matter, we are persuaded that Congress intended the procedure to be undertaken initially by the bankruptcy judges, using whatever method is best suited to the particular contingencies at issue. The principal consideration must be an accommodation to the underlying purposes of the Code. It is conceivable that in rare and unusual cases arbitration or even a jury trial on all or some of the issues may be necessary to obtain a reasonably accurate evaluation of the claims. . . . Such methods, however, usually will run counter to the efficient administration of the bankrupt's estate and where there is sufficient evidence on which to base a reasonable estimate of the claim, the bankruptcy judge should determine the value. In so doing, the court is bound by the legal rules which may govern the ultimate value of the claim. For instance, when the claim is based on an alleged breach of contract, the court must estimate its worth in accordance with accepted contract law. . . . However, there are no other limitations on the court's authority to evaluate the claims save those general principles which should inform all decisions made pursuant to the Code.

*Id.* at 135-36. The Court found no error in estimating claims "according to their ultimate merits rather than the present value of the probability that they would succeed in their state court action." *Id.* at 136.

4. **Analysis.** There can be no dispute that asbestos litigation in general represents immeasurable costs to the public - in terms of human suffering, burdening the courts, and threatening the viability of many businesses. There also can be no dispute that, at this point in time, the primary issue in the asbestos cases is money, that is, the amount of recovery for those suffering from (or who may in the future suffer

from) injuries relating to exposure to asbestos. Very few cases go to trial. The focus in litigation is finding a dollar amount that can resolve the cases through agreement.

5. Contrary to appellees' arguments, then, I find that the issue of how best to reach these settlement figures is a matter of great public importance which will materially advance the progress of the litigation at bar. To be sure, there are other tangential issues which may need to be resolved even after an estimation methodology and/or value has been determined. However, even appellees recognize that having a final determination as to value will promote the settlement process. (*See, e.g.,* D.I. 14, ex. B)

6. As noted above, I recognize that Third Circuit precedent gives the bankruptcy courts wide-ranging discretion in making their estimation determinations, leaving the district courts unhelpful at best, impotent at worst, in any attempts to promote the resolution of these complex cases. Given that the Third Circuit has not directly addressed the estimation process in the context of the asbestos litigation, it strikes me that, consistent with 28 U.S.C. § 158(d), having appellate input earlier in the process would go far in establishing needed guidance for the parties going forward.

7. **Conclusion.** For the reasons stated, appellants' motion for certification is granted. An order shall issue.

_____
United States District Judge

4